UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------x

LATINFOOD U.S. CORP., D/B/A
ZENÚ PRODUCTS CO.,

Plaintiff,

vs.

EL RANCHERO FOODS LLC, and JUAN DIEGO VANEGAS,
An individual

Defendants.

Defendants.

------------------------------------------------x

Case No. 2:24-cv-09050-JXN-LDW

**FINAL JUDGMENT ON CONSENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS**

**WHEREAS**, on September 9, 2024, Plaintiff Latinfood U.S. Corp., d/b/a Zenú Products Co. ("Latinfood") filed a Complaint (ECF No. 1) alleging claims for trademark infringement, false association, false designation of origin, false advertising and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and state law, against Defendants El Ranchero Foods LLC ("El Ranchero"), and Juan Diego Vanegas ("Vanegas") (collectively "Defendants") for importing ZENU branded foods from Colombia and selling, marketing and distributing those goods in the United States ; and

**WHEREAS**, Latinfood and Defendants have agreed to resolve the claims filed against Defendants in this civil action by the entry of judgment and permanent injunction against Defendants as follows:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

### I.  Parties, Jurisdiction and Venue

i. Plaintiff Latinfood is a New York corporation with its principal place of business at 80 Keyland Ct # B, Bohemia, NY 11716.

ii. Defendant El Ranchero is a New Jersey Limited Liability Company with its principal place of business located at 15A East 16th Street, Paterson, New Jersey, 07524. Entity ID 0450146272.

iii. Defendant Vanegas is a New Jersey resident with an address at 368 Michigan Ave, Paterson, Paterson, NJ 07503.

iv. This Court has subject matter jurisdiction over both Defendants based on 28 U.S.C. § 1331, 15 U.S.C. §§ 1114 & 1125, and pendant and related State law claims, all arising from Defendants' alleged wrongful and unlawful use of Plaintiff's trademark(s), and over the remaining claims under 28 U.S.C. §§ 1338(b) and 1367(a).

v. This Court has personal jurisdiction over Defendants pursuant to Fed. R. Civ. P. 4 and N.J. R. 4:4-4(b) because Defendant El Ranchero is a New Jersey LLC with a principal place of business in New Jersey; because Defendant Vanegas is a resident of New Jersey; because this action arises out of the business Defendants transact in the State of New Jersey and this District; and therefore, Defendants have purposefully availed themselves of this forum.

vi. Venue is proper within this District based on 28 U.S.C. § 1391(b) and (c) because this is a judicial district in which all the Defendants reside and are located; because all parties transact business within this district; and because this is the only District in which a substantial part of the events or omissions giving rise to the claims set forth herein occurred.

## II.  Plaintiff's ZENU® Mark

vii. Defendants acknowledge that Plaintiff is the exclusive owner of all rights, title and interest to United States trademark registration number 4,402,942 issued on September 17, 2013 for the ZENU® Mark in International Class 29 for Bologna; Canned cooked meat; Canned fish;

Chorizo; Hot dogs; Preserved meats and sausages; Processed meat; Sausages; Tuna fish; First Use in Commerce: January 1, 2011.

### III.   Defendants' Improper Use of the ZENU® Mark

viii. Defendants recently began to directly compete with Plaintiff by importing unauthorized ZENÚ branded food goods from Colombia, including canned vegetables, and selling, marketing and distributing those goods in the United States.

ix.   Defendants' unauthorized use of the ZENU mark is likely to cause consumer confusion with Plaintiff's ZENU® Mark or to cause mistake or to deceive the consuming public.

x.   Defendants' promotion and sales of Zenu branded foods are directed to consumers of Plaintiff's goods and are conducted through the same channels of trade as are used by Plaintiff to promote and sell its food goods.

xi.   Defendants' unauthorized use of the ZENU mark is deceptive because it falsely suggests a connection with Plaintiff's ZENU® Mark, the prior user and owner of the ZENU® Mark.

### IV.   Stipulated Permanent Injunction

xii.   Defendants shall be permanently enjoined from:

a.   Using the ZENU® Mark, or any reproduction, counterfeit, copy or colorable imitations thereof in connection with any promotion, advertisement, display, sale, offer for sale, manufacture, production, importation or distribution of any goods or services in the United States, unless authorized by Latinfood;

b.   Using the ZENU® Mark, the use of which is likely to cause confusion, or to cause mistake, or to deceive including but not limited to the term ZENU;

3

c. Importing, exporting, distributing, offering for sale, selling, manufacturing, or advertising any product that infringes on the ZENU® Mark;

d. Causing likelihood of confusion, injury to Plaintiff's business reputation, or dilution of the distinctiveness of Plaintiff's ZENU® Mark, symbols, labels, or forms of advertisement;

e. Committing trademark infringement, trade dress infringement, trademark dilution, false advertising, false designation of origin, false descriptions, unfair competition, and/or interference with prospective economic advantage and/or any other act or making any other statement that infringes or dilutes Plaintiff's ZENU® Mark or constitutes an act of infringement, dilution, unfair competition, untrue and misleading advertising, and/or interference with prospective economic advantage, under federal law and/or the laws of the state of New Jersey;

f. Objecting to, contesting or challenging Plaintiff's use and/or registration of the ZENU® Mark;

g. Conducting any social media campaign against Plaintiff. Plaintiff shall also be barred from conducting any social media campaign against Defendant

h. Disparaging Plaintiff or Plaintiff's products in the future; Similarly, Plaintiff shall also be barred from disparaging Defendant or Defendant's products in the future;

i. Interfering with Latinfood's business relationships with its customers (current, previous, and potential), suppliers, employees, or any entity Latinfood engages in the normal course of business; Plaintiff shall also be barred from interfering with El Ranchero's business relationships with its customers (current, previous and potential),

suppliers, employees, or any entity Latinfood engages in the normal course of business; and

    j.    Directly or indirectly recruiting Plaintiff's employees; and

    k.    Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraph (a) above.

**IT IS FURTHER ORDERED** that the Defendants immediately recall any and all of their ZENU branded products from its customers, suppliers and retailers.

**IT FURTHER ORDERED** that Defendants must notify in writing all of its associates, customers, suppliers, and retailers of this Order.

**IT IS FURTHER ORDERED** that Defendants within thirty (30) days of service of this Order provide to Plaintiff a full accounting of the revenue generated, a list of customers to whom they have sold Zenu branded products to, the costs expended and profits recognized by Defendants since they commenced usage of Plaintiff's ZENU® Trademark until the day they ceased use of Plaintiff's ZENU® Trademark which are kept in their normal course of business.

**IT IS FURTHER AGREED AND ORDERED THAT:**

The Defendants shall immediately:

    a. destroy any labels, advertising, packaging, and any other materials that have been manufactured or printed bearing the ZENU Mark;

    b. remove all references to the ZENU mark from all of their website(s) and any advertising on social media such as, Facebook, Twitter, YouTube, Instagram,

and Pinterest), promotions offering for sale goods under the ZENU mark (or any colorable variation thereof); promotional materials;

c. inform all of your customers that you are not affiliated with Latinfood, that you had no right to use the ZENU® Mark, and that you will no longer be using the ZENU® Mark in the future; and

d. destroy any and all products bearing the ZENU mark in the Defendant's possession, custody or control.

**IT IS FURTHER ORDERED** that Defendants within thirty (30) days of service of this Order, shall serve on Plaintiff, in writing, under oath a report setting forth in detail the manner and form in which they have complied with this injunction.

**IT IS FURTHER AGREED AND ORDERED THAT:**

In the event Defendants breach any term of this Final Judgment and Permanent Injunction, or otherwise infringe or dilute Plaintiff's ZENU® Mark or trade dress rights, Plaintiff shall be entitled to injunctive relief, damages, profits, and Defendants shall pay Plaintiff's attorneys' fees and costs incurred as a result of such infringement, dilution, and/or breach, including investigative costs incurred in the discovery of such infringement, dilution, and/or breach.

**IT IS FURTHER AGREED AND ORDERED** that all claims against Defendants are dismissed without prejudice and without costs; and it is

**IT IS FURTHER AGREED AND ORDERED** that the Court shall retain jurisdiction for the purpose of interpreting and enforcing the terms of this Final Judgment and Permanent Injunction.

DATED: October **15**, 2024

_____
HON. JULIEN X. NEALS, U.S.D.J.

**CONSENTED TO:**

Dated: 10/11/24

Plaintiff Latinfood U.S. Corp., d/b/a Zenu Products Co.

By: Jack Wilson, President

Defendant El Ranchero, LLC

Dated: 10/11/24

Juan Diego Vanegas
By: Juan Diego Vanegas,
Managing Member

Dated: 10/11/24

Juan Diego Vanegas
Juan Diego Vanegas, an individual